**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **DANIEL HASSAN FICK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **CIVIL ACTION NO. 18-08-CG-MU** |
| | ) | |
| **STATE OF ALABAMA,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## <u>ORDER</u>

This matter is before the Court on Plaintiff's Motion for Temporary Restraining Order ("TRO") (Doc. 15). For the reasons set forth herein below, the Court finds that Plaintiff has not met his burden of showing the required elements to obtain a temporary restraining order and, therefore, the motion (Doc. 15) is DENIED.

### I. BACKGROUND

Plaintiff filed this action against Mobile County Public School System and the State of Alabama on January 9, 2018, seeking damages for the Defendants' alleged negligent failure to protect him from harassment/bullying he suffered at the hands of other students during his tenure in the Mobile County Public School System. (Doc. 1). Plaintiff was subsequently ordered to amend his Complaint to meet the general rules of pleading. (Doc. 3). Plaintiff filed an Amended Complaint on January 18, 2018, (Doc. 4) describing a number of harassing/bullying experiences he endured

while a student in the Mobile County School System and identified several statutes under which he brings this cause of action including, 42 U.S.C 2000a, 20 U.S.C. 1703, and 42 U.S.C. 2000c-8. (Doc. 4).

On February 25, 2018, Plaintiff additionally filed the subject Motion for Temporary Restraining Order (Doc. 15) wherein he request this Court enter an Order restraining Defendant, State of Alabama, from incarcerating Plaintiff for the duration of the trial in the instant action for failure of Plaintiff to pay five traffic citations. (Doc. 15). As grounds, Plaintiff states that "[t]he Defendant having the ability to incarcerate Plaintiff, for these traffic violations, could serve an injustice." (*Id.*) Attached to Plaintiff's motion is a letter from the District Attorney's Recovery Unit stating that a warrant has been issued for Plaintiff's arrest for his failure to appear in court for arraignment or otherwise pay the citations in full. (Doc. 15-1).

## II.    LEGAL STANDARD

This Court previously noted the applicable standard for preliminary injunctive relief in <u>Hammock ex rel. Hammock v. Key</u>, 93 F.Supp.2d 1222 (S.D. Ala. 2000):

> A party seeking a preliminary injunction must establish the following four factors: (1) a substantial likelihood of success on the merits; (2) a threat of irreparable injury; (3) that its own injury would outweigh the injury to the nonmovant; and (4) that the injunction would not disserve the public interest. *Tefel v. Reno*, 180 F.3d 1286, 1295 (11th Cir.1999); *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir.1998). The Court should be mindful that a preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant has clearly satisfied the burden of persuasion as to the four requisites. McDonald's, 147 F.3d at 1306; *Northeastern Fl. Chapter of the Ass'n of Gen. Contractors of Am. v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir.1990).

*Id.* at 1226-27. The same standard applies to a request for a temporary restraining order as to a request for a preliminary injunction. *Morgan Stanley DW Inc., v. Frisby*, 163 F.Supp.2d 1371, 1374 (N.D. Ga. 2001) (citing *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995)).

## III. ANALYSIS

Plaintiff's motion is silent as to all four factors that Plaintiff must establish in order to succeed on his motion for TRO. Nevertheless, considering liberally the facts pled in *pro se* Plaintiff's Amended Complaint and the information provided in the Motion for TRO, this Court concludes that Plaintiff has not met even the first factor, a substantial likelihood of success on the merits. First, it is unclear what connection, if any, Plaintiff's request for a TRO relating to his unpaid traffic tickets has to his lawsuit relating to being bullied/harassed in the Mobile County Public School System, such that he could ostensibly establish a likelihood of success on the merits. Nevertheless, assuming a viable connection could be made, Plaintiff makes no argument that his citations are invalid or that his failure to either pay the fines charged or appear in court were justified. As a result, Plaintiff has not established that he will likely prevail on the merits. While Plaintiff's failure to establish any one factor is enough to defeat his motion for TRO, Plaintiff also fails to establish any of the three remaining factors required. Specifically, Plaintiff's position that his incarceration "could be an injustice" falls far short of showing irreparable injury. Likewise, Plaintiff's own injury –assuming one existed – would not outweigh the injury to the State, that is, its inability to properly collect the fines validly owed to it

by traffic offenders and lastly, Plaintiff's request that he be exempt from a financial obligation or other penalty to the State of Alabama for his own failure to pay fines due to the State by him would not serve public interest.

Because the failure to show any of the four factors is fatal to Plaintiff's motion for TRO, Plaintiff's motion is due to be denied.

## CONCLUSION

For the reasons stated above, Plaintiff's motion for Temporary Restraining Order (Doc. 15) is DENIED.

**DONE** and **ORDERED** this 27th day of February, 2018.

/s/ Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE