# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

DANIEL HASSAN FICK,                :

    Plaintiff,                         :

vs.                                :     CA 18-0008-CG-MU

STATE OF ALABAMA and MOBILE        :
COUNTY PUBLIC SCHOOL SYSTEM,
                                   :
    Defendants.

## REPORT AND RECOMMENDATION

This cause is before the Magistrate Judge for issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(S), on Defendant State of Alabama's motion to dismiss (Doc. 20) and Plaintiff's response in opposition (Doc. 24).[1] Based on the contents of these pleadings and all other relevant pleadings in this matter, the Magistrate Judge **RECOMMENDS** that the State of Alabama's motion to dismiss (Doc. 20) be **GRANTED**.

## PROCEDURAL BACKGROUND

In his amended complaint filed January 18, 2018 (Doc. 4), the operative pleading in this case, *see, e.g., Rosa v. Florida Dep't of Corrections,* 522 Fed.Appx. 710, 714 (11th Cir. Jun. 26, 2013) ("Under the Federal Rules of Civil Procedure, 'an amended complaint supersedes the initial complaint and becomes the operative pleading in the case.'" (quoting *Krinsk v. SunTrust Banks, Inc.,* 654 F.3d 1194, 1202 (11th Cir. 2011)),

---

[1] The movant was extended the opportunity to file a reply (*see* Doc. 21) but did not do so (*compare id. with* Docket Sheet).

Plaintiff briefly sets forth six or seven instances of bullying, harassment or abuse he allegedly suffered while attending various public schools in Mobile County from approximately 1993 through 2001. (Doc. 4, at 2-3). And though Plaintiff averred in the amended complaint that most of his claims arise under 42 U.S.C. § 2000a, with two arising under 20 U.S.C. § 1703 (*see id.*), the undersigned has construed the majority of Plaintiff's claims as arising under 42 U.S.C. § 2000c, which prohibits discrimination in public schools, as opposed to § 2000a (Doc. 5, at 1 n.1). Plaintiff seeks the following relief from Defendants the State of Alabama and the Mobile County Public School System in accordance with 42 U.S.C. § 2000c-8: "$3,000,000.00 for the psychological and physical damages endured during my time in attendance with the Mobile County Public School System from the years 1996-2001." (Doc. 4, at 4.)

The State of Alabama filed its motion to dismiss on March 26, 2018 where it asserts that Plaintiff's complaint is due to be dismissed, in accordance with Fed.R.Civ.P. 12(b)(6), for failure to state a claim against it upon which relief can be granted. (*See* Doc. 20, at 1.) The State of Alabama also argues that it is immune from any federal or state claims asserted by Fick (*see id.* at 2). The State of Alabama then reasserts its more general assertion that this Court should dismiss the claims asserted against it because the complaint "is nothing more than a recitation of events that allegedly occurred while Plaintiff was enrolled in the Mobile County School System, **attributed to no one**[.]" (*Id.* at 3-4 (emphasis supplied)).

In his opposition in response, Fick contests the State's reliance on the Eleventh Amendment for dismissal of his complaint given the contents of the Fourteenth Amendment, particularly the guarantee of equal protection of the laws, and it being

clear, according to Plaintiff, that Alabama's "'Model Anti-Harassment Policy' did not, and still does not, protect students from harassment due to sexual-orientation." (Doc. 24, at 1-2.) The Plaintiff then proceeds to clarify his claims as follows:

> **I)** **Age 13**—During P.E. Nathaniel Sebastian slammed my head against the gymnasium wall and floor, rep[ea]tedly, a total of 6 times. The faculty of Scarborough Middle School made me wait until my mother could get off work before I was able to receive medical attention. The faculty also explained to my mother that nothing could be done to Nathaniel Sebastian, in regards to the assault, due to his mental impairment. Also, when I got to the doctor[']s office I was referred to Springhill Medical Center for a CAT scan.
>
> **II)** **Age 16**—While in attendance at Shaw High School I was bullied in an excess that being hospitalized for two[]weeks due to anxiety was necessary. When I returned back to school Mr. Likely advised my mother to let me drop out because it seemed like the appropriate thing to do. (Not his exact words)
>
> **III)** **Age 23**—I was diagnosed with AIDS and the specialist started the treatment immediately. During the second follow-up appointment Dr. Green explained to me that I contracted the virus approximately during the ages of 15-17.
>
> **IV)** **Age 24**—I was incarcerated within the Mobile County Metro Jail for 30 day[s], due to the non-payment of traffic tickets. For 27 days[,] I was denied the medication my specialist prescribed to treat the AIDS virus.
>
> **V)** **Age 33**—I was diagnosed with PTSD, Panic Attacks, and Social Phobia.

(*Id.* at 2-3.)

## CONCLUSIONS OF LAW

**A.     Pleading Standard.** The sufficiency of Plaintiff's claims to proceed beyond the pleading stage, and into discovery, is governed by the plausibility standard articulated by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and further detailed in *Ashcroft v.*

3

*Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). In *Twombly,* the United States Supreme Court expressly abrogated the *Conley v. Gibson,* 355 U.S. 41 (1957) "no set of facts" pleading standard, holding that test "has earned its retirement" and "is best forgotten." *Twombly*, 550 U.S. at 563, 127 S.Ct. at 1969; *Simpson v. Sanderson Farms, Inc.,* 744 F.3d 702, 714 (11th Cir. 2014) ("[T]he Supreme Court categorically retired [the no set of facts test] in *Twombly*.").

Post *Twombly,* "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965. The Court made clear that to satisfy the requirements of Fed.R.Civ.P 8(a) "something beyond the mere possibility [of an entitlement to relief] must be alleged, lest a plaintiff with a largely groundless claim be allowed to take up the time of a number of other people[.]" *Id.* at 557-58, 127 S.Ct. at 1966 (internal quotation marks omitted; citations omitted). "This necessarily requires that a plaintiff include factual allegations for each essential element of his or her claim." *GeorgiaCarry.Org, Inc. v. Georgia,* 687 F.3d 1244, 1254 (11th Cir. 2012) (citations omitted), *cert. denied,* 568 U.S. 1088, 133 S.Ct. 856, 184 L.Ed.2d 656 (2013).

The Court directed that "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly,* 550 U.S. at 558, 127 S.Ct. at 1966 (internal quotations marks and ellipses omitted; citations omitted). "It is no answer to say that a claim just shy of a plausible entitlement to relief

4

can, if groundless, be weeded out early in the discovery process[.]" *Id*. at 559, 127 S.Ct. at 1967. "[T]he threat of discovery expense will push cost-conscious defendants to settle even anemic cases…[;]it is only by taking care to require allegations that reach the level [of showing a plausible entitlement to relief] that we can hope to avoid the potentially enormous expense of discovery[.]" *Id.*

The Eleventh Circuit has likewise emphasized the importance of only allowing plausible claims to proceed beyond the pleading stage: "Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6) together establish a notice-pleading standard that is applied, in a context-specific manner, with the recognition that the imposition of litigation costs must be justified at the threshold by the presence of factual allegations making relief under the governing law plausible, not merely speculative." *ABB Turbo Sys. AG v. Turbousa, Inc.* 774 F.3d 979, 984 (11th Cir. 2014); *see Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1367 & 1367-68 (11th Cir. 1997) (recognizing that "[d]iscovery imposes several costs on the litigant from whom discovery is sought[]" and "discovery imposes burdens on the judicial system; scarce judicial resources must be diverted from other cases to resolve discovery disputes."); Fed.R.Civ.P. 1 (recognizing that the Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

In *Iqbal,* the Supreme Court gave additional definition to the Rule 8(a) analysis framed in *Twombly*. The Court explained that under *Twombly*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (internal citations omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. at 679, 129 S.Ct. at 1950. Courts do not "'accept as true a legal conclusion couched as a factual allegation[.]'" *Id.* at 678, 129 S.Ct. at 1950 (citation omitted); *see also id.* at 678, 129 S.Ct. at 1949 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[.]").

The *Iqbal* Court made clear that "[t]he pleading standard Rule 8 announces…demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678, 129 S.Ct. at 1949 (internal citations omitted).  Consequently, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'" *Id.* at 679, 129 S.Ct. at 1950 (brackets and citation omitted). Therefore, dismissal of a factually insufficient complaint is required because "Rule 8…does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79, 129 S.Ct. at 1950.

In *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283 (11th Cir. 2010), the Eleventh Circuit Court of Appeals distilled the *Twombly/Iqbal* pleading standard into a functional "two-prong approach" for the evaluation of the sufficiency of a plaintiff's pled

allegations: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Id.* at 1290 (citation omitted). The Eleventh Circuit also explained: "Importantly, the Court held in *Iqbal*, as it had in *Twombly*, that courts may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Id.* (citation omitted).

Additionally, it is well-established that dismissal is required when the factual averments in a complaint affirmatively foreclose the existence of a plausible entitlement to relief. *See, e.g., Villarreal v. R.J. Reynolds Tobacco Co.,* 839 F.3d 958, 971 (11th Cir. 2016) ("A plaintiff nonetheless can plead himself out of court by alleging facts that foreclose a finding of diligence or extraordinary circumstances, both of which are required for equitable tolling."), *cert. denied,* ___ U.S. ___, 137 S.Ct. 2292, 198 L.Ed.2d 724 (2017); *Best Canvas Prods. & Supplies, Inc. v. Ploof Truck Lines, Inc.,* 713 F.2d 618, 621 (11th Cir. 1983) ("[A] party is bound by the admissions in his pleadings."). "[A] plaintiff can plead himself out of court. If he alleges facts that show he isn't entitled to a judgment, he's out of luck." *Early v. Bankers Life & Cas. Co.,* 959 F.2d 75, 79 (7th Cir. 1992) (internal citations omitted).

  **B.** <u>**State of Alabama and Eleventh Amendment Immunity**</u>.  All of Plaintiff's claims against the State of Alabama are alleged to arise under either 42 U.S.C. § 2000c or 20 U.S.C. § 1703, and Plaintiff alleges that the State of Alabama is liable to him for $3,000,000.00 in damages under 42 U.S.C. § 2000c-8. (*Compare* Doc. 4 *with* Doc. 5, at

1 n.1.)[2] The State of Alabama claims that it is immune from suit for monetary damages under the Eleventh Amendment of the United States Constitution. (*See* Doc. 20, at 2). The Eleventh Amendment, which specifically prohibits suits against "the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State," U.S. Const. Amend. XI, has long been held to apply "equally to suits against a state brought in federal court by citizens of that state." *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1277 (11th Cir. 1998) (citation omitted); *see also Board of Trustees of the University of Alabama v. Garrett,* 531 U.S. 356, 363, 121 S.Ct. 955, 962, 148 L.Ed.2d 866 (2001) ("The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court.").

Here, the State of Alabama contends that: (1) "[n]either [it] nor Congress has waived Eleventh Amendment immunity under § 1983[;]" (Doc. 20, at 2, citing *Carr v. City of Florence,* 916 F.2d 1521, 1524-25 (11th Cir. 1990)); (2) "the Alabama Constitution bars any waiver of immunity granted to it by the Eleventh Amendment[;]" (*id.,* citing *Alabama v. Pugh,* 438 U.S. 781, 782 (1978)); and (3) "claims under § 1983 do not allow claims against a state because [a state] do[es] not qualify as a 'person' under § 1983." (*Id.,* citing *Hafer v. Melo,* 502 U.S. 21, 26 (1991)). As a result, the movant contends that it is immune from suit. (*Id.*)

In asserting that it is protected by the Eleventh Amendment's grant of immunity for claims seeking monetary damages, the State of Alabama relies solely on case law arising in the context of 42 U.S.C. § 1983. (*See* Doc. 20, at 2.) More specifically, the

---

[2]   Plaintiff's amended complaint (Doc. 4) does not assert any state law claims (*see id.*).

8

movant cites to no case law establishing that it is entitled to Eleventh Amendment immunity based upon claims asserted and arising under either 20 U.S.C. § 1703 or 42 U.S.C. § 2000c (*see id.*), and, indeed, what little case law exists seems to suggest that the State of Alabama may not be entitled to Eleventh Amendment immunity for Plaintiff's claims under 20 U.S.C. § 1703 and 42 U.S.C. § 2000c, *compare Board of Public Educ. for City of Savannah and County of Chatham v. State of Georgia,* 1990 WL 608208, *6 (S.D. Ga. Sept. 24, 1990) (finding that plaintiffs could "proceed against the state and its agencies under two statutes in which Congress has abrogated the states' immunity, Title VI of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000d *et seq.* [] ('Title VI'); and the Equal Educational Opportunities Act, 20 U.S.C. §§ 1701 *et seq*. . . . ." (footnote omitted)) *with Gomez v. Illinois State Bd. of Educ.,* 811 F.2d 1030, 1037 & 1038 (7th Cir. 1987) (determining, with reference to the EEOA, that "Congress abrogated the states' Eleventh Amendment immunity to the extent necessary to effectuate the purposes of the Act[]" but also indicating that though there was nothing to suggest that Congress abrogated the states' Eleventh Amendment immunity with the passage of Title VI of the Civil Rights Act of 1964, the court could not decide the issue since there was nothing before it establishing whether or not the State of Illinois waived its immunity for purposes of Title VI). Accordingly, since the State of Alabama, as the movant, has the burden of establishing its entitlement to a dismissal of Plaintiff's claims on Eleventh Amendment sovereign immunity grounds and has not cited to controlling authority in support, its motion to dismiss on the basis of Eleventh Amendment immunity should be **DENIED**.[3]

---

[3] To the extent the State would suggest that Fick's response in opposition places (Continued)

  **C.**  <u>**Complaint Does not State a Claim Against the State.**</u> A fair reading of Fick's amended complaint (Doc. 4) simply does not reveal any factual allegations against the State of Alabama that allow this Court to draw a reasonable inference that the State could in any manner be held liable for the alleged bullying, harassment and abuse Plaintiff suffered while attending various public schools in Mobile County from 1993 through 2001. Indeed, the amended complaint (Doc. 4) is totally devoid of any factual allegations directed to the State of Alabama.[4]

  In addition, 20 U.S.C. § 1703 prohibits the denial of equal educational opportunity to individuals based upon their race, color, sex or national origin and, in particular as to students, the EEOA prohibits the deliberate segregation of students on the basis of race, color, or national origin, 20 U.S.C. § 1703(a). The § 1703 claims in Plaintiff's amended complaint (Doc. 4, at 2-3) simply contain allegations regarding bullying or sexual harassment Fick endured from other students and the reactions of faculty and administrative staff to the actions of his fellow students but no allegations suggesting

---

his claims within the purview of 42 U.S.C. § 1983 by arguing an equal protection claim under the Fourteenth Amendment, the undersigned simply cannot agree because Fick's response in opposition is not an amendment of his complaint and, as noted, all of the Plaintiff's claims set forth in the amended complaint (*see* Doc. 4) arise under either 42 U.S.C. § 2000c or 20 U.S.C. § 1703, not 42 U.S.C. § 1983. Therefore, the State of Alabama is not entitled to a dismissal of Plaintiff's amended complaint (Doc. 4) on the basis of Eleventh Amendment immunity as it has not carried its burden in this regard.

  [4]  Plaintiff's more detailed description of the attack he suffered at the hands of Nathaniel Sebastian, the "resulting damage" of the bullying he experienced while in high school, and his subsequent "diagnoses," contained in his response in opposition to the State's motion to dismiss (Doc. 24, at 2-3), does not establish that he has stated a claim against the State of Alabama under either 20 U.S.C. § 1703 or 42 U.S.C. § 2000c because, again, he nowhere makes specific factual allegations against the State of Alabama nor does he allege that he was deliberately discriminated against or deliberately segregated on account of his race, color, sex, or national origin (*see id.*).

that he was ***deliberately segregated*** on the basis of race, color, sex or national origin. Therefore, Fick has no plausible claim against the State of Alabama under 20 U.S.C. § 1703.

As for Plaintiff's § 2000c claims (*compare* Doc. 4, at 2-3 *with* Doc. 5, at 1 n.1 (notifying the parties that the undersigned was construing the majority of Plaintiff's claims as arising under 42 U.S.C. § 2000c)), though it is clear that § 2000c prohibits discrimination in public schools, *see, e.g., Brewer v. Nelson,* 2015 WL 7076028, *3 (N.D. Fla. Nov. 6, 2015), *report and recommendation adopted,* 2015 WL 7015320 (N.D. Fla. Nov. 12, 2015), particularly segregation in public schools, *compare Hopson v. Berry,* 2012 WL 6115395, *3 (W.D. Ky. Dec. 10, 2012) (recognizing that § 2000c of the Civil Rights Act of 1964 "deals with the desegregation of public schools") *with Gilmore v. Amityville Union Free School District,* 305 F.Supp.2d 271, 279 (E.D. N.Y. 2004) (recognizing that "2000c-8 was enacted to remedy the problem of segregation in public schools"), those claims contain no allegations that he was subject to discrimination or segregation on account of his race, color, religion, sex or national origin. Therefore, Fick has no plausible claim against the State of Alabama under 42 U.S.C. § 2000c.

For these reasons, Plaintiff's Complaint does not state a claim for relief against the State of Alabama and is properly **DISMISSED** in accordance with Rule 12(b)(6).

## CONCLUSION

Based upon the foregoing, it is **RECOMMENDED** that the State of Alabama's motion to dismiss (Doc. 20) be **GRANTED**.

## NOTICE OF RIGHT TO FILE OBJECTIONS

11

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 25th day of April, 2018.

                                        s/P. BRADLEY MURRAY  
                                      **UNITED STATES MAGISTRATE JUDGE**